**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3301-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHEEN GLASPIE,

    Defendant-Appellant.

_____

Submitted July 29, 2025 – Decided September 2, 2025

Before Judges Bishop-Thompson and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-03-0731.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rasheen Glaspie appeals from the June 7, 2024 Law Division order denying his second petition for post-conviction relief (PCR) from his judgment of conviction without an evidentiary hearing. After reviewing the facts and applicable law, we affirm for substantially the reasons stated in Judge John I. Gizzo's well-reasoned opinion.

I.

In May 2015, following an investigation by the Essex County Prosecutor's Office Homicide Task Force, defendant was arrested for shooting a victim multiple times with a handgun. After the victim fell to the ground, defendant and co-defendant Shaquan Leaks stood over him firing more shots from point blank range, resulting in his death. Defendant and Leaks then fled the scene on foot. When Leaks was arrested, he was found in possession of a handgun whose ballistics matched evidence recovered at the crime scene. Defendant was subsequently indicted on murder and weapons related charges.

On March 2, 2017, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), amended from first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). The plea transcript reflects that before entering his guilty plea, defendant acknowledged that he reviewed the plea form with his trial counsel, signed each page, and was satisfied with the services of his trial

counsel. He testified that he understood the terms of his guilty plea, understood the consequences of his guilty plea. In response to the trial court's question of whether defendant understood that he reserved the right to argue at sentencing for a lower sentence than thirteen years, defendant replied: "Yes." Defendant also acknowledged that he understood the court could not make a determination on that day regarding whether he would be sentenced in accordance with the State's recommendation. The court further explained to defendant that he was subject to a maximum sentence of thirty-years' incarceration subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c).

Following defendant's plea allocution, the court accepted defendant's guilty plea, satisfied that he entered the plea knowingly and voluntarily. In exchange for defendant's guilty plea, the State agreed to recommend an aggregate thirteen-year prison term subject to NERA. The sentences on each conviction were to run concurrently, with the understanding that defendant would be permitted to argue for a lesser sentence at sentencing.

Defendant was subsequently sentenced on April 21, in accordance with the negotiated plea agreement. Defendant did not challenge his conviction or sentence on direct appeal.

A-3301-23

Over a year later, in November 2018, defendant filed his first PCR petition. The petition was dismissed without prejudice in January 2019.

Thereafter, defendant filed a self-represented motion to reconsider his sentence based on mitigating factor fourteen, regarding his youthful age. Defendant's motion was denied.

On October 3, 2022, defendant, then self-represented, filed a second PCR petition, asserting claims of ineffective assistance of counsel and the imposition of an illegal sentence. He also claimed the trial court abused its discretion. PCR counsel subsequently filed a letter brief in further support of defendant's petition. Defendant asserted his trial counsel: (1) was ineffective during plea negotiations; (2) pressured him to accept the plea agreement; and (3) stated that he would withdraw his representation if defendant did not accept the plea offer. Consequently, defendant sought to withdraw his guilty plea.

According to defendant, his trial counsel informed him that on a "fourth page" of the plea form the judge had agreed to impose a ten-year sentence, despite the plea forms listing a thirteen-year term of incarceration. The plea transcript does not mention this fourth page. Defendant claimed he would not have accepted the plea offer had he known the fourth page did not exist and the court did not agree to sentence him to ten years.

A-3301-23

Lastly, defendant argued his trial counsel was ineffective during sentencing because counsel failed to object to the sentencing court's improper consideration of the aggravating factors. He also contends trial counsel failed to address the sentencing court's failure to have his manslaughter and weapons sentences run concurrently with two other indictments, which were part of the plea deal.

In a June 7, 2024 order accompanied by a written opinion, Judge Gizzo denied defendant's petition. The judge first noted the procedural deficiency in defendant's petition, concluding that it was time-barred pursuant to Rule 3:22-12 because it was filed on October 3, 2022, six months after the filing deadline. The judge further determined no exceptional circumstances existed to relax the time bar.

As to the merits of defendant's petition, the judge concluded defendant failed to satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987). The judge reasoned that defendant offered only bare assertions that he was pressured by trial counsel and the plea agreement was not sufficiently explained to him. Citing the plea transcript, the judge noted defendant affirmed his satisfaction with trial counsel's representation and acknowledged the court explained the terms of the plea agreement.

In regard to defendant's ineffective assistance of counsel claim related to sentencing, that claim was likewise barred under Rule 3:22-5, as the issue was previously adjudicated in defendant's motion for reconsideration in May 2021. Nonetheless, the judge considered the merits of defendant's claim and concluded trial counsel's arguments at sentencing were "reasonable" and "well-made."

The judge analyzed defendant's motion to withdraw his guilty plea under State v. Slater, 198 N.J. 145 (2009), finding none of the factors weighed in his favor. He concluded defendant failed to demonstrate that a denial of his motion to withdraw his guilty plea would perpetuate a fundamental injustice. The judge further concluded defendant was not entitled to an evidentiary hearing.

II.

Defendant raises three points on appeal for our consideration:

> POINT I – THE PCR COURT ERRED IN RULING THAT [DEFENDANT'S] PETITION FOR [PCR] WAS TIME-BARRED AND IN FAILING TO RELAX THE TIME-BAR DUE TO EXCEPTIONAL CIRCUMSTANCES.
>
> POINT II – THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PCR WITHOUT AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS GUILTY PLEA WAS THE RESULT OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> POINT III – THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING.

6

Having considered defendant's arguments, we affirm substantially for the reasons expressed by the PCR judge. We add the following comments.

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024). However, a PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)). When petitioning for PCR, a defendant must establish he is entitled "to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

Rule 3:22-12 prescribes the time limitations for filing a PCR petition. In relevant part, the Rule provides no PCR petition "shall be filed more than [five] years after the date of . . . the judgment of conviction that is being challenged." R. 3:22-12(a)(1). This five-year time limitation runs from either the date of conviction or sentencing, whichever defendant is challenging. State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

We agree with the judge that defendant's PCR petition was untimely under Rule 3:22-12(a)(4). Defendant's first PCR petition was filed in November 2018 and dismissed without prejudice on January 2, 2019; however, the record

provides no basis for the dismissal. We do not consider the petition filed on October 3, 2022 timely because it was not amended or refiled within ninety days after the dismissal, or within five years from the April 21, 2021 sentencing or the May 4, 2017 judgment of conviction. Therefore, defendant's petition is barred, having been filed out of time.

Defendant's PCR petition was similarly untimely filed under Rule 3:22-12(a)(2). To avoid dismissal of a second PCR petition, a defendant must present evidence to satisfy one of three enumerated exceptions: a new rule of law, newly discovered evidence, or ineffective assistance of prior PCR counsel. R. 3:22-4(b)(2). Even when a defendant's PCR contentions fit within these exceptions, a second or subsequent PCR petition must be timely filed. R. 3:22-4(b)(1).

Defendant's second petition did not plead, on its face, one of the three criteria under Rule 3:22-12(a)(2) and was not timely filed within one year after the latest of one of the criteria. We are, therefore, satisfied that defendant's second PCR was properly denied under Rule 3:22-4(b).

We further agree with the judge that defendant's petition fails on the merits. We add that "[p]ost-conviction relief is neither a substitute for direct appeal, . . . nor an opportunity to relitigate cases already decided on the merits." Preciose, 129 N.J. at 459 (citation omitted). The merits of defendant's sentencing have already been adjudicated, which "ordinarily constitutes a

procedural bar to the reassertion of the same ground as a basis for post-conviction review." Id. at 476 (citing R. 3:22-5). Finally, defendant is precluded from raising an issue on PCR that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3301-23